1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                                DISTRICT OF NEVADA

8                                      * * *
                                         )
9    ELEANOR DACHTLER, an individual,     )
                                         )
10                     Plaintiff,         )              2:10-CV-00963-LRH-GWF
                                         )
11   v.                                   )
                                         )              ORDER
12   ALBERT ANDERSON, an individual;      )
     PRUDENTIAL LIFE INSURANCE            )
13   COMPANY OF AMERICA a/k/a OFFICE OF   )
     SERVICEMEMBERS' GROUP LIFE           )
14   INSURANCE; DOES I through X, inclusive; )
     and ROE CORPORATIONS I through X,    )
15   inclusive,                           )
                                         )
16                     Defendants.        )
                                         )
17   _____  )

18          Before the court are Defendant Prudential Insurance Company of America's ("Prudential")

19   motion to dismiss (#5[1]), Plaintiff Eleanor Dachtler's opposition and counter-motion to amend the

20   complaint (##9-10), and Prudential's reply in support of its motion to dismiss and response to the

21   motion to amend (##13-14).

22   **I.      Facts and Procedural History**

23          This action involves a dispute over life insurance benefits paid by Prudential under a

24   Servicemembers' Group Life Insurance ("SGLI") policy, provided through the Servicemembers'

25   _____

26          [1]Refers to the court's docket entry number.

Group Life Insurance Act ("SGLIA"), 38 U.S.C. §§ 1901, *et seq.*  The SGLIA was enacted in 1965 to ensure the availability of life insurance coverage to uniformed service members on active duty, particularly in combat zones.  *See Ridgway v. Ridgway*, 454 U.S. 46, 50 (1981).  The government is the policyholder and purchases insurance coverage from commercial insurers on behalf of the service members.  *Id.* at 51.

Nicholas Anderson ("Nicholas"), a U.S. Marine who was killed while deployed in Iraq, is the insured in this case.  On March 10, 2004, prior to his deployment, Nicholas completed an SGLI election form designating his divorced parents, Eleanor Dachtler ("Dachtler") and Albert Anderson ("Anderson"), as primary beneficiaries.  Nicholas also designated his half brother, Jackson Anderson, as a contingent beneficiary.  Dachtler alleges that the March 10 SGLI was completed in Nicholas' own hand and was duly submitted to the proper persons or department within the Marine Corps.  Furthermore, on the same day, Nicholas filled out and submitted a Record of Emergency Data form further designating his parents as co-beneficiaries of his life insurance policy.

Twelve days later, on March 22, 2004, a second SGLI election was submitted to the Marine Corps designating Anderson as the sole principal beneficiary and designating Dachtler as the sole contingent beneficiary.  Nicholas' half brother was removed as beneficiary altogether.  That same day, a second Record of Emergency Data form was also submitted that removed Dachtler as a co-beneficiary of Nicholas' life insurance policy.  Dachtler alleges that neither of the March 22 forms were written in Nicholas' hand, do not match the handwriting on the March 10 forms, and were falsified and forged by Anderson or by individuals under Anderson's direction.

On November 12, 2004, Nicholas was killed while serving his country in Iraq.  At the time of his death, Nicholas had no spouse or issue, nor any will or trust.  Two days after Nicholas' death, Anderson filed a claim for death benefits under Nicholas' SGLI policy.  Relying on the allegedly falsified March 22 SGLI election form, which listed Anderson as the sole primary

beneficiary, Prudential paid $500,000 in death benefits to Anderson on November 16, 2004.

Dachtler did not submit a claim for benefits and received nothing.

In April 2009, Dachtler filed the underlying action against Anderson in Nevada state court. On May 18, 2010, Dachtler filed a first amended complaint adding Prudential as a co-defendant and asserting against Prudential claims for negligence, negligent performance of an undertaking, and constructive trust, all under Nevada law.  On June 18, 2010, Prudential removed the action to federal court.  Doc. #1.  On July 16, 2010, Prudential filed the instant motion to dismiss, contending that Dachtler's claims against Prudential are preempted and barred under 38 U.S.C. § 1970(b) and, alternatively, that her allegations fail to state a claim under Nevada law.  Doc. #5. On August 9, 2010, Dachtler filed an opposition and counter-motion to amend the complaint to add a claim against Prudential for violation of § 1970.  Doc. ##9-10.  On September 1, 2010, Prudential filed a reply in support of its motion to dismiss and a response to Dachtler's motion to amend. Doc. ##13-14.

**II.    Prudential's Motion to Dismiss**

**A.  Legal Standard**

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard.  *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008).  That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949).

**B.  Federal Preemption**

Prudential principally contends that the SGLIA bars Dachtler from recovery against Prudential and preempts Dachtler's state law claims for negligence, negligent performance of an undertaking, and constructive trust as inconsistent with the SGLIA.

Because the SGLI policy at issue is a federal contract issued pursuant to a federal statute, distribution of benefits under that policy is governed by federal law. *See Prudential Ins. Co. of*

*Am. v. Athmer*, 178 F.3d 473, 475 (7th Cir. 1999); *Prudential Ins. Co. of Am. v. Neal*, 768 F. Supp. 195, 197-98 (W.D. Tex. 1991).  Further, "the controlling provisions of the SGLIA prevail over and displace inconsistent state law."  *Ridgway*, 454 U.S. at 60.  Accordingly, the court must determine whether Dachtler's state law claims against Prudential are inconsistent with, and therefore preempted by, the SGLIA.

The payment of benefits under an SGLI policy is expressly governed by 38 U.S.C. § 1970.  Subsection (a) provides that death benefits "shall be paid, upon the establishment of a valid claim therefor, . . . in the following order of precedence:" first, to the beneficiaries designated in writing by the insured, or if there is no designated beneficiary, then to the insured's widow, children, parents, executor or administrator, or next of kin, in that order.  38 U.S.C. § 1970(a).  Furthermore, subsection (b) bars recovery against the insurer by any person who is otherwise entitled to benefits where that person has failed to make a claim for benefits within one year of the insured's death and the insurer has already paid the benefits to claimants in the order of precedence.  It states:

> If any person otherwise entitled to payment under this section does not make claim therefor within one year after the death of the member or former member, or if payment to such person within that period is prohibited by Federal statute or regulation, payment may be made in the order of precedence as if such person had predeceased the member or former member, and any such payment shall be a bar to recovery by any other person.

*Id.* § 1970(b).  In accordance with the plain language of the statute, courts have denied recovery against the insurer where persons who would have otherwise been entitled to benefits under the order of precedence failed to make a claim within one year and the insurer had made payment to another claimant.  *See Gates v. United States*, 481 F.2d 850, 854 (5th Cir. 1973); *Wright v. Prudential Ins. Co. of Am.*, 551 S.W.2d 697, 699 (Tenn. 1977).  In *Gates*, the Fifth Circuit held that the decedent's father had an "affirmative duty" of making a claim within a year and his failure to do so constituted a bar to recovery against the insurer, despite the fact that his ex-wife had perpetrated a fraud against him in obtaining the full amount of their son's death benefits.  *Gates*, 481 F.2d at 854.

5

Accepting as true Dachtler's allegations regarding the validity of Nicholas' March 10 election form and the invalidity of the allegedly forged March 22 form, Dachtler was entitled to make a claim for benefits under § 1970(a) as a designated primary beneficiary.  Nonetheless, under the express terms of § 1970(b), Dachtler's failure to make a claim within one year of Nicholas' death, coupled with Prudential's payment of benefits to Anderson in the order of precedence as if Dachtler had predeceased Nicholas, constitutes a bar to recovery against Prudential by Dachtler.  *See Gates*, 481 F.2d at 854; *Wright*, 551 S.W.2d at 699.

Contrary to Dachtler's argument, the fact that Prudential paid Anderson within four days of Nicholas' death does not affect the operation of the statutory bar at this late date.  "There is nothing in [§ 1970(b)] that requires the insurer to wait one year before paying the policy proceeds in order to rely upon payment as a bar to recovery by any other person."  *Wright*, 551 S.W.2d at 699.  The plain language of § 1970(b) imposes two independent prerequisites: (1) the putative beneficiary fails to make a claim within one year or is legally prohibited from receiving payment; and (2) the insurer makes payment in the order of precedence as if the putative beneficiary had predeceased the insured.  The fact that payment is made earlier than one year after the insured's death is inconsequential; it neither advances application of the statutory bar, nor prevents it from applying after the passage of one year.  Thus, Prudential's payment to Anderson four days after Nicholas' death did not alone discharge Prudential's liability; rather, Prudential remained subject to liability for claims subsequently made by an entitled beneficiary.  *See Rice v. Office of Servicemembers' Grp. Life Ins.*, 260 F.3d 1240, 1244, 1246 (10th Cir. 2001) (holding that the SGLIA creates an implied private right of action against the insurer in a case where the plaintiff had sought payment from the insurer after the insured's death); *Parker v. Office of Servicemembers' Grp. Life Ins.*, 91 F. Supp. 2d 820, 825 (E.D. Pa. 2000) (same).  But given Prudential's payment to Anderson, it was Dachtler's failure to make a claim within a year of Nicholas' death that ultimately triggered the bar to recovery against Prudential.  *See Wright*, 551 S.W.2d at 699.

6

The court also rejects Dachtler's argument that the statutory bar in § 1970(b) is subject to the exception that no person should be permitted to profit from their own wrongdoing.  That equitable principle, commonly known as the "slayer's rule," has long been applied as a federal common law exception to the order of precedence set forth in § 1970(a) to prevent murderers of insureds from recovering their victims' life insurance benefits.  *See, e.g.*, *Athmer*, 178 F.3d at 475; *Prudential Ins. Co. of Am. v. Tull*, 690 F.2d 848, 849 (1982); *Shoemaker v. Shoemaker*, 263 F.2d 931, 932 (6th Cir. 1959) (involving the predecessor to the SGLIA); *Prudential Ins. Co. of Am. v. Tolbert*, 320 F. Supp. 2d 1378, 1380 (S.D. Ga. 2004); *Neal*, 768 F. Supp. at 198.  The *Neal* court even concluded that the slayer's rule is a proper application of § 1970(b), which expressly authorizes the insurer to skip a person in the order of precedence if that person is prohibited from receiving benefits by federal statute or regulation.  38 U.S.C. § 1970(b) ("if payment to such person within that period is prohibited by Federal statute or regulation, payment may be made in the order of precedence as if such person had predeceased the [insured]").  The slayer's rule has *not* been applied, however, as an exception to § 1970(b)'s statutory bar to recovery against the insurer.  Whereas the purpose of the slayer's rule is to deny benefits to wrongdoers, § 1970(b)'s statutory bar protects the insurer against double payment on late claims.  Section 1970(b) "is designed primarily for the protection of the insurer, not potential claimants."  *Neal*, 768 F. Supp. at 199-200.  Thus, while the slayer's rule might be invoked in Dachtler's suit against Anderson to establish his alleged lack of entitlement to benefits and to recover benefits wrongfully received, *cf. id.* at 198, it has no application to Dachtler's attempt to recover against Prudential, which can claim the benefit of the statutory bar.  *See Gates*, 481 F.2d at 854.

Dachtler is correct that the court in *Neal* allowed recovery by beneficiaries who failed to make a claim within one year of the insured's death, notwithstanding the statutory bar § 1970(b).  *See id.* at 199-200.  But the facts of *Neal* are easily distinguished, and the court's reasoning undermines Dachtler's position in this case.  The *Neal* court refused to apply the statutory bar not

because the slayer's rule provided an exception, but because the statutory bar did not apply in the first place.  As in all the other slayer's rule cases cited in the preceding paragraph, the insurer in *Neal* had not yet paid out the life insurance benefits and filed an interpleader action seeking the court's resolution of competing claims.  Thus, the *Neal* court rejected application of § 1970(b)'s statutory bar because "by its terms the provision of the statute dealing with failure to make a claim does not apply to a case like this one, in which no payment has been made." *Id.* at 200.  The court further reasoned that a contrary interpretation of § 1970(b) would lead to the "absurd result[]" that every potential claimant in the order of precedence would be barred from recovery. *Id.* What the court did *not* conclude, however, was that the slayer's rule had any impact on the operation of the statutory bar to recovery against the insurer.

In a suit against the insurer, fraud by one beneficiary against another in the recovery of SGLI death benefits does not excuse the second's failure to make a claim within the statutory period. *See Gates*, 481 F.2d at 854.  That is not necessarily to say that the victim of the fraud is without relief in an action against the perpetrator, who received benefits to which the other was entitled.  But the only issue presently before the court is whether Dachtler may recover against the *insurer*.  Pursuant to the express terms of § 1970(b), the court holds that she may not.

Given that federal law expressly bars recovery against Prudential in this case, Dachtler's state law claims seeking recovery of the benefits under Nicholas' SGLI policy are in direct conflict with federal law and are therefore preempted. *See Parker*, 91 F. Supp. 2d at 825; *see also Ridgway*, 454 U.S. at 60.  Accordingly, Dachtler's claims against Prudential will be dismissed without prejudice.

## III. Dachtler's Motion to Amend

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend a pleading once "as a matter of course" before a responsive pleading is served.  Fed. R. Civ. P. 15(a). If a responsive pleading has been filed, "a party may amend its pleading only with the opposing

party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  Leave to amend shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2); *Jones v. Bates*, 127 F.3d 839, 847 n.8 (9th Cir. 1997); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987).

"In exercising its discretion 'a court must be guided by the underlying purpose of Rule 15 – to facilitate a decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs*, 833 F.2d at 186 (*quoting United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality" insofar as the motion to amend is not sought in bad faith, does not cause undue delay, does not cause the opposing party undue prejudice, and does not constitute an exercise in futility. *Id.*  The party opposing the amendment bears the burden of showing prejudice. *Id.* at 187.

Dachtler requests leave to file a proposed second amended complaint, which is identical to Dachtler's first amended complaint except for the addition of an additional claim against Prudential for violation of 38 U.S.C. § 1970.  *See* Doc. #9, Ex. 17, p. 11.  Based on the above analysis, however, Dachtler's factual allegations fail to state a claim against Prudential under § 1970. Indeed, rather than provide Dachtler with a cause of action against Prudential, under the facts of this case the express terms of the statute serve as "a bar to recovery" against Prudential.  38 U.S.C. § 1970(b).  Thus, Dachtler's proposed amendment would be futile, and leave to amend will be denied without prejudice.

**IV.    Conclusion**

For the foregoing reasons, Dachtler's claims against Prudential to recover life insurance benefits under her son's SGLI policy are preempted and barred under the SGLIA, 38 U.S.C. § 1970.

IT IS THEREFORE ORDERED that Defendant Prudential's Motion to Dismiss (#5) is GRANTED.  Prudential is hereby dismissed as a defendant from this action.

1    IT IS FURTHER ORDERED that Plaintiff's Countermotion to Amend Complaint (#10) is

2    DENIED.

3    IT IS SO ORDERED.

4    DATED this 23rd day of February, 2011.

5

6

7    _____

8    LARRY R. HICKS
     UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26